IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Faren Gibbs, Jr., #222138,  )<br>  )<br>      Petitioner,  )<br>  )<br>vs.  )<br>  )<br>  )<br>Colie Rushton, Warden of McCormick  )<br>Correctional Institution,  )<br>  )<br>      Respondent.  )<br>_____ ) | Civil Action No. 8:07-3493-CMC-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

  The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254. The respondent has filed a return and motion for summary judgment seeking dismissal of the petition.

  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this Magistrate Judge is authorized to review post trial petitions for relief and submit findings and recommendations to the District Court.

## PROCEDURAL HISTORY AND FACTS PRESENTED

### CONVICTION AND DIRECT APPEAL

  The record reveals that the petitioner is currently incarcerated in the McCormick Correctional Institution in the South Carolina Department of Corrections pursuant to orders of commitment of the Spartanburg County Clerk of Court. The petitioner was indicted at the June 1993 term of the grand jury for Spartanburg County for murder (93-GS-42-3079), armed robbery (93-GS-42-2078), armed robbery ( 93-GS-42-0875), possession with intent to distribute crack cocaine (93-GS-42-3077), and carrying a pistol (93-GS-42-3076).

At trial, he was represented by Michael Bartosh, Charlie Sanders, and Thomas Dillard, Esquires. On June 15, 1994, the petitioner was tried by a jury, before the Honorable J. Derham Cole. He was found guilty on all charges. He was sentenced by Judge Cole to confinement for a period of life for murder, twenty-five years on each armed robbery charge, fifteen years on the possession with intent to distribute charge, and one year on the carrying a pistol charge.

A timely Notice of Appeal was filed on Applicant's behalf. Joseph L. Savitz, III. of the South Carolina Office of Appellate Defense represented the petitioner in his direct appeal. The petitioner raised only one issue on appeal: "The judge erred by refusing to instruct the jury on assault and battery with intent to kill, since the jury could have found that the proximate cause of the victim's death was grossly negligent medical treatment." The South Carolina Supreme Court dismissed the appeal. *State v. Gibbs*, 95-MO-343 (filed Nov. 20, 1995). The Remittitur was filed December 6, 1995.

### FIRST PCR APPLICATION

While incarcerated in North Carolina, the petitioner filed an application for post-conviction relief on October 29, 1996. The petitioner alleged ineffective assistance of counsel. The respondents made an Amended Return and Motion to Dismiss without prejudice on February 27, 1997. The Court granted the Motion to Dismiss based on the petitioner being outside the State of South Carolina and not subject to the State's jurisdiction. Furthermore, the Court found that the State of South Carolina did not have the right, duty, or authority to force the State of North Carolina to release the petitioner for purposes of a post-conviction relief hearing in South Carolina.

### SECOND PCR APPLICATION

The petitioner filed a second application for post-conviction relief (2000-CP-42-392) ("2nd PCR") on February 8, 2000. The petitioner alleged the following specific grounds:

> (a) My attorneys failed to properly point out the discrepancies in the witness identification process and object to the testimony regarding the photo lineup.
>
> (b) My attorneys failed to properly show that the gun found in the co-defendant's car belonged to me or was ever touched or fired by me.
>
> ( c) My attorneys failed to adequately explore the facts that the victim died of an infection from medical malpractice and not from the bullet.
>
> (d) My attorneys did not explain or raise the imperfect defense of self defense.

(R. at 467.)    An evidentiary hearing was convened at the Spartanburg County Courthouse, on November 8, 2001, before the honorable Gary E. Clary, Circuit Court Judge. On March 8, 2002, the Court issued its order denying relief.

### APPEAL OF 2ND PCR APPLICATION

A timely Notice of Appeal was filed on the petitioner's behalf. The South Carolina Supreme Court, however, dismissed the appeal on January 13, 2003, for failure to perfect the appeal. The Remittitur was issued on February 4, 2003.

### THIRD PCR APPLICATION

The petitioner had previously filed a separate application for post-conviction relief (PCR) (2000-CP-42-1695), on June 13, 2000, through his previous collateral counsel. The application was denied and dismissed with prejudice. The court, however, did conclude that the plaintiff had the right to file a belated appeal of his 2nd PCR application. (R. at 535.)

### FIRST FEDERAL HABEAS CORPUS PETITION

The petitioner filed his first federal habeas corpus petition, on September 2, 2004. He later voluntarily dismissed it because he had been granted a belated appeal of his 2nd PCR application.

**PCR Appeal**

The petitioner timely made his belated appeal of the 2nd PCR decision. The South Carolina Supreme Court, however, denied the Petition for Certiorari from the denial of post-conviction relief. The Remittitur was filed on October 10, 2007.

The petitioner filed this present federal petition on October 30, 2007.

## APPLICABLE LAW

### Liberal Construction of *Pro Se* Complaint

The petitioner brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* petition is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

### SUMMARY JUDGMENT STANDARD OF REVIEW

The requirement of liberal construction does not mean that the court can assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. *See* Fed. R. Civ. P. 56(c). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the

movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

### HABEAS STANDARD OF REVIEW

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding.

28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light

of the evidence presented in the state court proceedings." 28 U.S.C.. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000) (plurality opinion). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.

## DISCUSSION

In his habeas petition, the petitioner states the following grounds for relief:

> **GROUND ONE:** Petitioner was denied the effective assistance of counsel when counsel failed to move and quash the indictments as a police officer was the only sole witness before the grand jury.
>
> **GROUND TWO:** Trial counsel rendered ineffective assistance of counsel when counsel failed to subpoena an expert medical pathologist to testify in petitioner's behalf concerning the cause of death.

(Habeas Pet. at 5.) The Court will address each in turn.

### I.  Exhaustion of Ground One

The respondent contends that the petitioner's first ground for relief is procedurally barred because the plaintiff did not raise the issue at any time in state court. The Court agrees and is, therefore, precluded from considering its merits. *See Matthews v. Evatt*, 105 F.3d 907, 916 (4th Cir. 1997).

The petitioner must exhaust all available state court procedures prior to seeking federal court review of his claim. 28 U.S.C. §2254(b)(1)(A); *see Weeks v. Angelone*, 176 F.3d 249, 257 (4th Cir. 1999). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

When a petitioner seeking relief has failed to exhaust a claim at the appropriate time in state court and has no further means of bringing that issue before the state courts,

the petitioner is procedurally barred from raising the issue in his federal habeas petition. *Smith v. Murray*, 477 U.S. 527, 533 (1986). A petitioner can bypass a procedural bar if he can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *See Coleman*, 501 U.S. at 750.

Additionally, a petitioner may rely on the doctrine of actual innocence. "Actual innocence" is not an independent claim, but only a method of excusing default. *O'Dell v. Netherland,* 95 F.3d 1214, 1246 (4th Cir. 1996). To prevail under this theory, a petitioner must produce new evidence which was not available at trial to establish his factual innocence. *Royal v. Taylor*, 188 F.3d 239, 244 (4th Cir.1999).

Lastly, once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. *See Matthews*, 105 F.3d at 916. The Fourth Circuit has stated that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995). Thus, once a court has determined that a claim is procedurally barred, it should not stray into other considerations. *Id*.

The plaintiff does not deny that he failed to raise his concerns over the indictment at any point during his state court appeal or during the PCR process and that it is now procedurally defaulted in state court. (Pl. Resp. at 6.) The record confirms that he did not raise the issue. (R. at 467.)

Moreover, the petitioner cannot cure his failure to raise the issue in state court because any future PCR application would be barred as successive under S.C. Code Ann. § 17-27-90, *see Aice v. State*, 409 S.E.2d 392 (S.C. 1991), and untimely under the

one-year statute of limitations which governs the filing of PCR actions, S.C. Code Ann. § 17-27-45(A). Further, because this ground was not raised to the 2nd PCR Court it could not be raised on appeal to any South Carolina appellate court. *See Humbert v. State*, 548 S.E.2d 862, 866 (2001); *Knight v. Waggoner*, 359 S.C. 492, 597 S.E.2d 894 (Ct. App. 2004) (arguments raised for the first time on appeal are not preserved for review).

Accordingly the Court is barred from considering the petition absent a showing of "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[ ] will result in a fundamental miscarriage of justice." *Matthews*, 105 F.3d at 916. The petitioner makes no argument or showing of cause, for the default, or prejudice resulting from the same. (Pl. Resp. at 6.) Instead, the petitioner contends that for the Court to refuse to consider Ground One would result in a miscarriage of justice. Specifically, the petitioner contends that the doctor who testified against him at trial admitted that he was not an "expert on clinical management." *Id*.

In order to demonstrate a miscarriage of justice the petitioner must show he is actually innocent. *Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003). Actual innocence is defined as factual innocence not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). To prevail under this theory, a petitioner must produce new evidence which was not available at trial to establish his factual innocence. *Royal*, 188 F.3d at 244.

The plaintiff has not produced any argument or new evidence related to Ground One suggesting his actual innocence. His argument related to expert testimony, as previously described, is not relevant to the indictment issues raised in Ground One; it is only relevant to Ground Two. There is simply no evidence before the Court demonstrating that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* The plaintiff's Ground One relates exclusively to the procedural efficacy of the indictments against him, which says nothing specifically about his innocence

but rather the legal propriety of the indictment itself. The indictment is not new evidence, as required, and the plaintiff does not make any showing that his arguments could not have been made at any earlier time. The plaintiff has not met his burden to produce evidence of actual innocence in order to bypass the procedural bar to consideration of Ground One.

### II.  Ineffective Assistance of Counsel

In Ground Two, the petitioner alleges that his counsel was ineffective for not subpoenaing an expert medical pathologist to testify on petitioner's behalf concerning the cause of death of the petitioner's victim. Specifically, the petitioner was convicted of murder for shooting an individual in the stomach. The victim was taken to a hospital where his wounds were surgically repaired and his spleen removed. (R. at 333-34.) The victim was discharged eight days later but developed sepsis from the gun shot wound and died approximately twenty days after being shot. (R. at 302, 348.) The petitioner believes that it was the negligence of the hospital in releasing the victim prematurely which led to the onset of sepsis. By extension, therefore, the petitioner contends that his trial counsel erred in failing to call a medical expert to testify that the gunshot was not the cause of death and, further, that counsel failed to properly cross examine the prosecution's expert witness in regards to whether he was qualified to render an opinion as to whether medical negligence was the actual cause of death.

Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner "must show that counsel's performance was deficient." *Id.* at 687. To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must show that the deficient performance actually prejudiced him. Review of counsel's performance is "highly deferential." *Id.* at 689. In addition, competency is measured against what an objectively

reasonable attorney would have done under the circumstances. *See id.* at 687-89. Counsel are afforded a strong presumption that their performance was within the broad range of professionally competent assistance. *See id*. at 689. Courts are reluctant to second guess the trial tactics of lawyers. Where counsel articulates valid reasons for employing certain strategy, such conduct will not be deemed ineffective assistance of counsel. *See Daniels v. Lee*, 316 F.3d 477, 491 (4th Cir. 2003); *Stokes v. State*, 419 S.E.2d 778, 779 (S.C. 1992).

The PCR court did not make an unreasonable application of *Strickland* in concluding as follows:

> Trial counsel testified that he did consult Dr. Lowery concerning the cause of death and did pursue the possibility of presenting the defense of causation initially. Trial counsel testified further that Dr. Lowery explained to him that the cause of death was a direct result of the shooting and that there was no medical malpractice. Dr. Lowery's opinion was that sepsis complications from the type of injury the victim had were fairly common and can cause death despite the physician's best efforts. Trial counsel further testified that he believed that there was no intervening cause leading to the victim's death [sic] that he relied on Dr. Lowery's opinion in deciding his trial strategy of not pursuing causation as a defense. He further testified that he did not think that causation was a good defense in this case and that he was more concerned with the co-defendant who was going to testify for the State against the Applicant.

(R. at 502.) The PCR judge found that the petitioner had failed to meet his burden to show either that trial counsel's representation fell below reasonable professional norms or that the plaintiff was prejudiced even to the extent it had. (R. at 503.) The PCR judge's application of *Strickland* was not unreasonable or otherwise contrary to federal law.

"[S]trategic choices made after thorough investigation of law and facts relevant to plausible options *are virtually unchallengeable*; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690-91

(emphasis added). In order to prevail on his claim, the petitioner must overcome the strong presumption that, "under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689. The petitioner's trial counsel articulated his specific strategy in regards to a causation defense and plainly explained the research which led him to that strategy. The petitioner has failed to produce any evidence or argument rebutting the testimony of counsel that his decision not to call an expert witness and not to cross examine the prosecution's witness on the issue of causation were part of his trial strategy. He has similarly failed to show, in any respect, that this strategy was objectively unreasonable.

The PCR Court was not unreasonable in concluding that trial counsel's trial strategy concerning the causation issue did not fall below the reasonable professional norm. (See R. at 503.) The Court has been presented with no other evidence or argument demonstrating or suggesting that trial counsel's performance fell below the standard prescribed in *Strickland v. Washington*, 466 U.S. 668 (1984).

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment be GRANTED [Doc. 14].

s/Bruce H. Hendricks
United States Magistrate Judge

June 24, 2008
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).